# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORDJOUR,<br><br>              Plaintiff,<br><br>      v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>              Defendants.<br>_____/ | CASE NO. 1:07-cv-01755-LJO-SMS PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>(Doc. 34)<br><br>ORDER COUNTING DISMISSAL AS A STRIKE UNDER 28 U.S.C. § 1915(G) |

**Screening Order**

**I.      Procedural History**

Plaintiff Charles Fordjour, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 3, 2007.  On July 28, 2009, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a claim. After obtaining multiple extensions of time, Plaintiff filed an amended complaint on July 23, 2010.

**II.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
2  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3  **III.    Plaintiff's Claims**

4  Plaintiff, who is currently incarcerated at the Yuba County Jail, brought this action when he
5  was housed at Avenal State Prison.  In his original complaint, Plaintiff alleged that from April 2007
6  to the present, while at San Quentin State Prison and then Avenal, prison officials continually
7  attempted to have him murdered.  Plaintiff's complaint was dismissed, with leave to amend, because
8  Plaintiff failed to set forth any facts linking the named defendants to any acts or omissions which
9  violated Plaintiff's rights under the Eighth Amendment.  Plaintiff was notified that conclusory
10 allegations of attempted murder will not support a claim.

11 In his amended complaint, Plaintiff alleges that from December 11, 2006, to the present, the
12 named defendants have been subjecting him to illegal biomedical research experimentation, torture,
13 kidnaping, false imprisonment, entrapment, and genital mutilation, causing damage to his internal
14 organs and ability to reproduce, and resulting in theft of "intellectual properties" and "memory."[1]
15 (Doc. 34, Amend. Comp., pp. 8-9.)

16 A complaint must contain "a short and plain statement of the claim showing that the pleader
17 is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
18 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
19 do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.
20 Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient
21 factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at
22 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility demands more than the mere
23 possibility that a defendant committed misconduct, Iqbal at 1950, and while factual allegations are
24 accepted as true, legal conclusion are not, id. at 1949.

25

26  [1] Defendants named in this action include Governor Schwarzenegger, Maria Shriver, Attorney General Jerry
27 Brown, California Department of Corrections and Rehabilitation Secretary Matthew Cate, Kings County District
   Attorney Ronald Calhoun, Assistant District Attorney Ty Ford, the current and past Sheriffs of Kings County, Kings
28 County District Attorney's Office, Kings County Sheriff's Department, the Attorney General's Office, and All the
   Way Life dba XYZ Corporation.

1  Plaintiff's amended complaint fails to state any claims upon which relief may be granted.
2 The questionable nature of Plaintiff's claims aside, the complaint is devoid of any factual allegations
3 supporting Plaintiff's claims and fails to include any specific allegations linking the acts complained
4 of to the named defendants. Plaintiff's conclusory allegations of harm do not give rise to any facially
5 plausible claims for relief.  Fed. R. Civ. P. 8(a); <u>Iqbal</u> at 1949-50.

## IV.     Conclusion and Order

Plaintiff's amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously given notice of the deficiencies and the opportunity to amend, and based on the record in this case, further leave to amend is not warranted.  <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  Accordingly, it is HEREBY ORDERED that:

1. This action is dismissed, with prejudice, for failure to state a claim;
2. This dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and
3. The Clerk's Office shall enter judgment.

IT IS SO ORDERED.

**Dated:    July 26, 2010**            /s/ Lawrence J. O'Neill
                                                       UNITED STATES DISTRICT JUDGE